# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| PETER J. NOLL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07CV01236 AGF |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the pro se petition of Missouri inmate Peter Noll for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition shall be denied.

On April 25, 2002, a grand jury indicted Petitioner on one count of felony statutory sodomy in the first degree for engaging in deviate sexual intercourse on December 24, 1998, with a minor under the age of 12. The victim was Petitioner's four-year-old daughter. On February 26, 2003, a jury convicted Petitioner, and on May 2, 2003, the court sentenced him as a prior offender to life imprisonment. The conviction and sentence were affirmed on direct appeal. Thereafter, Petitioner's motion for state post-conviction relief was denied and the denial was affirmed on appeal.

Petitioner raises the following grounds for federal habeas relief:

(1) Trial counsel was ineffective for (a) failing to file proper motions to suppress evidence, (b) failing to object at trial to hearsay statements, and (c) failing to file a motion to dismiss due to the statute of limitations;

(2) Petitioner's due process rights were violated because the trial court was involved in plea talks with Petitioner; and

(3) Petitioner's rights under the Confrontation Clause were violated because he was not able to meaningfully cross-examine the victim at trial.

## BACKGROUND

### Pre-trial Proceedings, Trial, and Sentencing

Prior to trial, the State offered Petitioner a plea agreement whereby in exchange for his plea of guilty, the State would recommend a maximum sentence of 20 years' imprisonment. The trial judge informed Petitioner on the record that his counsel would be able to argue for a sentence of less than 20 years, but Petitioner declined the offer and told the court that he wanted to go to trial. Also prior to trial, Petitioner moved to disqualify the trial judge on the ground that in 1995, when she was a public defender, she had represented Petitioner on a matter, and then in 1998, when she was a prosecutor, she had prosecuted him in another matter. The judge stated that she had no recollection of either case, and denied the motion.

On January 10, 2003, the trial court held a hearing pursuant to Missouri's child hearsay statute, Mo. Rev. Stat. § 491.075. This statute provides that out-of-court statements made by a child are admissible as substantive evidence in criminal proceedings relating to the child's sexual abuse, where the court finds that the statements have sufficient indicia of reliability and either the child testifies at the proceedings, the child is unavailable as a witness, or the court finds that the child would be

psychologically traumatized by testifying at the trial, making the victim unavailable as a witness.

The out-of-court statements at issue were made by the victim in September and October 2001 to the victim's aunt/guardian, the victim's full-time babysitter since 2001, a forensic interviewer with the Children's Advocacy Center of East Central Missouri, an investigator for the Missouri Division of Family Services, and a counselor to whom the victim was referred after the sexual abuse came to light. Each of these individuals testified at the hearing as to the victim's description of an incident of sodomy perpetrated on her by Petitioner in a bathroom in his apartment on the evening of December 24, 1998. Following the hearing, the trial court found that the out-of-court statements in question provided sufficient indicia of reliability to be admitted at trial as substantive evidence.

On February 24, 2003, one day prior to the trial date, defense counsel moved for a 30-day continuance to allow the defense time to get an expert to rebut the anticipated testimony of the State's expert clinical social worker that in her opinion, based upon her review of the victim's history, the victim suffered from post-traumatic stress disorder ("PTSD") with symptoms consistent with trauma arising from sexual abuse by Petitioner. This motion was denied and the case proceeded to trial the next day. The State's case included the unobjected-to testimony of its expert that the victim had PTSD caused by sexual abuse of her father, and the testimony of the § 491.075 witnesses as to the victim's out-of-court statements describing Petitioner's sexual abuse. The victim's statements to the forensic interviewer were presented to the jury by a videotape of the interview.

Defense counsel either did not object to any of the out-of-court statements or stated that he had no objection.

The victim took the stand; however, in response to questions about the incident with Petitioner, she essentially remained silent; stated, "I don't know"; or stated that she did not know how to tell what had happened in the bathroom. Petitioner did not testify. At sentencing, the prosecutor recommended a life sentence. The judge noted the seriousness of the crime and that Petitioner still had not taken responsibility for his offense. The judge further stated that although she could do nothing to make the victim whole, she could do something to insure the safety of the community. The court referenced, as had the prosecutor, Petitioner's "extensive violent criminal history," and sentenced him to life.

**Direct Appeal**

On direct appeal, Petitioner argued that the trial judge (1) should have granted Petitioner a continuance, (2) committed plain error in allowing the State's expert to testify that in her opinion, the victim had PTSD caused by sexual abuse by Petitioner, (3) should have disqualified herself , and (4) committed plain error in admitting the victim's out-of-court statements under § 491.075, where Petitioner could not effectively confront the victim at trial because at trial she did not assert that Petitioner had committed an offense. (Resp. Ex. C.) The Missouri Court of Appeals rejected all of Petitioner's arguments, declining to review the second and fourth points for plain error. (Resp. Ex. E.)

**State Post-conviction Proceedings**

Petitioner, with the assistance of appointed counsel, filed an amended motion for post-conviction relief under Missouri Supreme Court Rule 29.15. Petitioner claimed that (1) his due process rights were violated by the trial judge vindictively sentencing him to life imprisonment after he refused to plead guilty following plea negotiations in which the trial judge participated and pursuant to which the trial judge told Petitioner that he would not receive a sentence of more than 20 years if he pled guilty; and (2) defense counsel was ineffective for failing to object at trial to the admission of the victim's out-of-court statements on hearsay grounds and on the ground that the admission of the testimonial out-of-court statements deprived Petitioner of his rights under the Confrontation Clause, as set forth in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004) (holding that out-of-court testimonial statements are barred under the Confrontation Clause, unless the witness is unavailable at trial and the defendant had a prior opportunity to cross-examine the witness).[1] (Resp. Ex. G.)

The motion court denied the motion, without holding an evidentiary hearing. The court construed Petitioner's first claim as asserting, in part, an improper pre-trial ex parte communication between the judge and Petitioner, and held that such a claim was

---

[1] Petitioner also moved for the motion judge, who had presided over the trial, to disqualify herself from the post-conviction proceedings, on the grounds that (1) otherwise, there would be an appearance of impropriety, due to Petitioner's vindictive sentencing claim, and (2) the judge was a potential witness in Petitioner's vindictive sentencing claim. (Resp. Ex. F at 22-25). The motion court denied this motion.

frivolous. The court then rejected the vindictive-sentencing claim, stating that the transcript of the sentencing hearing showed that only proper factors, such as deterrence, protection of the public, and punishment, were considered in imposing the life sentence.

The court cited to <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), in rejecting Petitioner's ineffective assistance claim. The Court reasoned that any objection by counsel to the out-of-court statements would have been without merit in light of the § 491.075 findings and the fact that the victim testified at trial, and was thus available for cross-examination, however brief and halting her testimony may have been. Plaintiff's reliance on <u>Crawford</u> was therefore, according to the motion court, misplaced. (App. to Resp. Ex. I .)

On appeal, the Missouri Court of Appeals stated that the vindictive sentencing claim was not cognizable in a Rule 29.15 motion because the claim could have been brought on direct appeal. The court proceeded to address the claim on the merits, and concluded that there was no evidence that in sentencing Petitioner, the trial judge considered any factors other than Petitioner's prior criminal history and the seriousness of the crime of conviction. The appellate court rejected Petitioner's ineffective assistance claim on the same grounds as had the motion court. (Resp. Ex. J.)

**Grounds for Federal Habeas Relief**

As noted above, Petitioner raises the following grounds for federal habeas relief:

1. Trial counsel was ineffective for (a) failing to file proper motions to suppress evidence, (b) failing to object at trial to hearsay statements,

  and (c) failing to file a motion to dismiss due to the statute of limitations;

2.  Petitioner's due process rights were violated because the trial court was involved in plea talks with Petitioner; and

3.  Petitioner's rights under the Confrontation Clause were violated because he was not able to cross-examine the victim on the stand at trial.

Respondent argues that this Court is procedurally barred from considering all of Petitioners grounds for relief except Ground (1)(b), and that the state courts' adjudication of all grounds was not legally or factually unreasonable.

## DISCUSSION

### Procedural Bar

Claims that have not been fairly presented to the state courts are procedurally defaulted and may not give rise to federal habeas relief unless the petitioner "cause for not presenting the claim on post-conviction appeal, and prejudice from the failure, or a fundamental miscarriage of justice-meaning that he is actually innocent." Storey v. Roper, 603 F.3d 507, 523-24 (8th Cir. 2010) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991); Schlup v. Delo, 513 U.S. 298, (1995)). To show a fundamental miscarriage of justice, a petitioner must present new reliable evidence that he was innocent of the crime of which he was convicted. Id. at 524 (citing House v. Bell, 547 U.S. 518, 537 (2006)).

A Missouri inmate procedurally defaults claims which should have been but were not presented on direct appeal or on appeal from the denial of a motion for post-

conviction relief. Moore-El v. Luebbers, 446 F.3d 890, 897-98 (8th Cir. 2006). "A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition." Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2000).

Here, Petitioner did not present Grounds (1)(a) or (1)(c) to the state appellate court on appeal from the denial of his Rule 29.15 motion. Moreover, Petitioner has not demonstrated, nor does the Court discern, a basis to excuse the default or to find a fundamental miscarriage of justice. The Court notes that ineffective assistance of post-conviction counsel cannot constitute cause to excuse a procedural default. See Storey, 603 F.3d at 524. As a result, this Court may not consider the merits of Grounds (1)(a) and (1)(c).

As noted above, Petitioner did not raise Ground (3) at trial. Therefore, under Missouri law, Petitioner waived the right to appellate review of this claim, except for plain error. See State v. Joos, 218 S.W.3d 543, 546 (Mo. Ct. App. 2007). As the Missouri appellate court declined to review the claim for plain error, the claim was defaulted. Petitioner has not asserted a basis to excuse his failure to preserve this issue for plenary appellate review or to find a miscarriage of justice. Nor does the Court discern any such basis. As discussed below, defense counsel's failure to raise a Confrontation Clause claim did not render counsel's assistance constitutionally ineffective. Therefore, this failure cannot provide cause to excuse the procedural default here. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000) ("[I]n certain circumstances counsel's

ineffectiveness in failing properly to preserve the claim for review in state court will suffice [as cause to excuse the procedural default]. Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution."). Thus, this Court is barred from considering the merits of Ground (3) of Petitioner's habeas petition.

Respondent argues that Petitioner also procedurally defaulted Ground (2) of his federal habeas petition by not presenting it to the state appellate court. This Court believes, however, that a fair reading of the habeas petition leads to the conclusion that Petitioner is raising the due process claim he presented to the state motion court and appellate court regarding the alleged vindictive sentence he received from the judge who had participated in the plea negotiations. See Petty v. Card, 195 F.3d 399, 400 (8th Cir. 1999) (explaining that pro se habeas petitions are entitled to liberal construction); Kennemore v. Blake, No. 4:07CV02028 ERW, 2008 WL 111287, at *1 (E.D. Mo. Jan. 8, 2008) (same).

As noted above, the Missouri Court of Appeals stated that the claim was procedurally defaulted because it was not raised on direct appeal. However, the appellate court then addressed the claim on the merits, and this removed the procedural bar to this Court's considering the claim. See Shaddy v. Clarke, 890 F.2d 1016, 1017-18 (8th Cir. 1989). The Court, accordingly, turns to the merits of Grounds (1)(b) and (2).

**Standard of Review**

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. "'Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record.'" Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004) (citations omitted).

**Right to Effective Assistance of Counsel and to Confront Witnesses**

In Ground (1)(b) of the habeas petition, Petitioner claims that defense counsel was ineffective for failing to object to hearsay statements.  Presumably, Petitioner is referring to the admission of the victim's out-of-court statements.  Generally, to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was both deficient and prejudicial.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  But to prevail on an ineffective assistance of counsel claim in a § 2254 case, a petitioner "must do more than show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly.  Rather, he must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner."  Bell v. Cone, 535 U.S. 685, 698-99 (2002) (citation omitted).

The adjudication of this issue by the state courts is not contrary to, nor does it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  The state courts correctly noted that a claim for ineffective assistance of defense counsel for failing to make an objection is not viable when the objection would have been without merit.  See Gray v. Bowersox, 281 F.3d 749, 756 n.3 (8th Cir. 2002).  Here, a hearsay objection would have been without merit, in light of the trial court's findings of reliability and admissibility under § 461.075, findings this Court concludes were supported by the record.  See Shabazz v. Purkett, No.

4:05CV00507 TCM, 2007 WL 3171434, at *11 (E.D. Mo. Oct. 26, 2007) (rejecting habeas petitioner's claim that defense counsel was ineffective for failing to object to the admission of a child victims's out-of-court statements that the Missouri state courts had held were admissible under § 491.075); McVeigh v. Moore, No. 04-0821-CVWGAFP, 2005 WL 2250830, at *1 (W.D. Mo. Sept. 15, 2005) (same).

Furthermore, the state courts did not apply Crawford in an objectively unreasonable manner in holding that the victim was available for cross-examination at trial, and that thus an objection to admission of her out-of-court testimonial statements[2] on confrontation grounds would have been without merit. See Yanez v. Minnesota, 562 F.3d 958, 963-65 (8th Cir. 2009) (holding that state courts did not unreasonably apply Crawford in concluding that the inability of a child victim of sexual abuse to recall on the stand the details of her prior statements about the abuse or the incidents that led to those statements did not render the admission of her out-of-court testimonial statements constitutionally defective) (citing United States v. Owens, 484 U.S. 554, 561-64 (1988) (holding that the Sixth Amendment "includes no guarantee that every witness . . . will refrain from giving testimony that is marred by forgetfulness, confusion, or evasion" and that "the Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to probe and expose these infirmities through cross-examination, thereby

---

[2] The victim's out-of-court statements to the forensic interviewer and to the investigator were "testimonial" statements. See Bobadilla v. Carlco, 575 F.3d 785, 791-92 (8th Cir. 2009).

calling to the attention of the fact finder the reasons for giving scant weight to the witness' testimony")). As a result, Petitioner is not entitled to relief on Ground (1)(b) of the petition.

**Due Process Right to a Fair Sentence**

"A sentence is unconstitutionally vindictive if it imposes greater punishment because the defendant exercised a constitutional right, such as the right to jury trial or the right to appeal." Waring v. Delo, 7 F.3d 753, 758 (8th Cir. 1993) (citing United States v. Carter, 804 F.2d 508, 514 (9th Cir. 1986) ("When the court is involved in plea bargaining and a harsher sentence follows the breakdown in negotiations, the record must show that no improper weight was given the failure to plead guilty.") (citation omitted)).

A habeas petitioner raising such a claim "bears the burden of proving that actual judicial vindictiveness motivated the . . . sentence he received after trial." Id. Here, a review of the plea and sentencing transcripts convinces the Court that the state appellate court's determination that there was no evidence that the trial judge considered any factors other than Petitioner's prior criminal history and seriousness of the crime of conviction in sentencing Petitioner was not contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; nor was determination based on an unreasonable determination of the facts. Thus, Petitioner is not entitled to relief on Ground (2) of the petition.

## CONCLUSION

Grounds (1)(a), (1)(c), and (3) are procedurally barred. Grounds (1)(b) and (2) fail on the merits. As a result, the petition for federal habeas relief shall be denied. The Court does not believe that reasonable jurists might find the Court's assessment of the procedural or substantive issues in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (setting forth the standard for issuing a certificate of appealability).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this case.

A separate Judgment shall accompany this Memorandum and Order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of September, 2010.